**The PEOPLE of the State of Colorado, Petitioner-Appellee,**

**In the Interest of Verna Marie FREEMAN, Respondent-Appellant.**

**No. 80CA1190.**

Colorado Court of Appeals,
Div. II.

Oct. 29, 1981.

Nicholas Gradisar, Asst. Pueblo County Atty., Pueblo, for petitioner-appellee.

Robert W. Hanula, Montie L. Barringer, Pueblo, for respondent-appellant.

VAN CISE, Judge.

Respondent, Verna Marie Freeman (the patient), at the Colorado State Hospital (CSH) under short-term certification, appeals the September 19, 1980, order granting the People's petition to administer prescription medication against her will on the ground that the order as entered is overbroad. We agree, and direct that modifications be made in the order.

After an evidentiary hearing, the court found that the patient "cannot make proper decisions for herself, and what decisions she does make are irrational because they are directly related to her mental illness." *See Goedecke v. State Department of Institutions,* 198 Colo. 407, 603 P.2d 123 (1979).

Then, based on medical testimony pertaining only to the desirability of administering prolixin enanthate, a psychotropic drug, to the patient, and the possible need to administer other drugs to ameliorate possible side effects of the prolixin, the court ordered that:

> "[T]he Department of Institutions through its treating facility, the Colorado State Hospital, is hereby authorized to permit its physicians and staff *to provide psychotropic and other medication necessary for the health, care, and well being of the Respondent on an involuntary basis.* The procedure which shall be used is that the institution shall be required to offer the Respondent the right to take the medication voluntarily. If the Respondent then refuses, the institution may then involuntarily give the medication providing the professional person in charge of the treatment of the Respondent is of the opinion that such medication is necessary to carry out the treatment as dictated by statute." (emphasis supplied)

As asserted by the patient, the emphasized words in the order are overbroad in that they permit the involuntary administration of any other types of drugs and medication beyond the specific drug, prolixin enanthate, sought to be involuntarily administered by the attending physician at CSH. In view of the purposes of the statute for the care and treatment of the mentally ill, § 27–10–101, et seq., C.R.S.1973, and particularly §§ 27–10–101 and 27–10–104, C.R.S.1973, and the standards set forth in *Goedecke v. State Department of Institutions,* supra, the order should be modified by striking the emphasized words set forth above and substituting the following:

> "to provide on an involuntary basis, for the health, care, and well being of the respondent, prolixin enanthate and, if any side effects occur therefrom, such other medication as is deemed medically necessary to ameliorate such side effects."

The cause is remanded for modification as set forth above and, as modified, the order is affirmed.

ENOCH, C. J., and PIERCE, J., concur.